UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSLYN SYAS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>TEXAS CHILDREN'S HEALTH PLAN, INC. | **Case No. 4:21-cv-01532**<br>FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Roslyn Syas brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2.      Syas worked for Texas Children's Health Plan, Inc. (TCHP) as an analyst.

3.      Syas and other TCHP employees like her regularly worked in excess of 40 hours in a week.

4.      TCHP did not pay Syas and the other employees like her overtime when they worked in excess of 40 hours in a week.

5.      Instead, TCHP improperly classified Syas and these other employees as exempt from the FLSA and paid them a salary without any overtime compensation.

6.      This collective action seeks to recover the unpaid wages and other damages owed to Syas and other workers like her at TCHP.

### JURISDICTION AND VENUE

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because TCHP maintains its principal office in this District and Division.

9.      Syas worked for TCHP in this District and Division.

10.     Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

11.     **Roslyn Syas** is a natural person who is a resident and citizen of Texas.

12.     Syas was, at all relevant times, an employee of TCHP.

13.     Syas was a salaried employee of TCHP.

14.     Syas's written consent is attached as Exhibit A.

15.     The similarly situated employees sought to be identified and notified of this action is defined as:

> **All current and former salaried employees of Texas Children's Health Plan, Inc. who worked as analysts and were paid a salary, at any point in the past three years.**

16.     These workers are referred to throughout this Complaint as the "Similarly Situated Employees."

17.     **Texas Children's Health Plan, Inc. (TCHP)** is a Texas corporation with its headquarters and principal place of business in Harris County, Texas.

18.     TCHP may be served by service upon its registered agent, **Lance A. Lightfoot, 6651 Main St., Ste. E520, Houston, Texas 77030**, or by any other method authorized by law.

COVERAGE UNDER THE FLSA

19.     At all relevant times, TCHP was an employer of Syas and the Similarly Situated Employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20.     At all relevant times, TCHP was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21.     During at least the last three years, TCHP has had gross annual sales in excess of $500,000.

22.     TCHP was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23.     TCHP employs many workers, including Syas, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

24.     The goods and materials handled, sold, or otherwise worked on by Syas and other TCHP employees and that have been moved in interstate commerce include, but are not limited to, telecommunication equipment, office supplies, and computers.

FACTS

25.     TCHP is an insurance plan providing coverage for kids, teens, pregnant women, and adults. *See* TCHP, https://www.texaschildrenshealthplan.org (last visited May 8, 2021).

26.     Syas was employed by TCHP.

27.     Syas was a salaried employee of TCHP.

28.     TCHP did not pay Syas on a fee basis.

29.     Syas worked as an analyst for TCHP.

30.     Syas normally worked more than 40 hours in a week.

31.     Syas often worked 60 or 70, or more, hours each week.

32.     TCHP recorded the time Syas worked.

33.     The time recorded by TCHP and worked by Syas is reflected in TCHP's records.

34.     TCHP paid Syas a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.

35.     Throughout her employment, Syas performed non-exempt job duties as an analyst.

36.     Syas did not advise TCHP's clients or customers.

37.     Syas did not promote TCHP's insurance products.

38.     Syas implemented guidelines designed by TCHP's corporate management.

39.     Syas was subject to policies and procedures which dictated her day-to-day activities.

40.     The work Syar=s performed was an essential and integral part of TCHP's core business.

41.     No advanced degree is required to become an analyst.

42.     Being an analyst does not require specialized academic training as a standard prerequisite.

43.     To the extent Syas made "decisions," such decisions did not require the exercise of independent discretion and judgment.

44.     Instead, Syas applied well-established techniques and procedures and used established standards to evaluate any issues.

- 4 -

45.     Syas did not set the techniques and procedures utilized to perform the job and did not set quality standards.

46.     TCHP's analysts are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

47.     With these job duties, Syas was clearly a non-exempt employee under the FLSA.

48.     TCHP did not pay Syas overtime for hours worked in excess of 40 in a single workweek.

49.     Instead, TCHP paid Syas a salary only.

50.     TCHP keeps accurate records of the hours, or at least the days, its salaried employees work.

51.     TCHP also keeps accurate records of the amount of pay its salaried employees receive.

52.     Because Syas and the Similarly Situated Employees were misclassified by TCHP as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

53.     TCHP was aware of the overtime requirements of the FLSA.

54.     TCHP nonetheless failed to pay these analysts, such as Syas, overtime.

55.     TCHP failure to pay overtime to these analysts was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

56.     Syas incorporates all other allegations.

57.     Numerous individuals were victimized by this pattern, practice, and policy

which is in willful violation of the FLSA.

58. Based on her experiences and tenure with TCHP, Syas is aware that TCHP's illegal practices were imposed on the Similarly Situated Employees.

59. These employees were all paid a salary without any overtime.

60. These employees are victims of TCHP's unlawful compensation practices and are similarly situated to Virgin in terms of job duties, pay provisions, and employment practices.

61. These workers were similarly situated within the meaning of the FLSA.

62. Any differences in job duties do not detract from the fact that these salaried workers were entitled to overtime pay.

63. TCHP's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Similarly Situated Employees.

64. The Similarly Situated Employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA**

65. Syas incorporates all other allegations.

66. By failing to pay Syas and the Similarly Situated Employees overtime at 1.5 times their regular rates, TCHP violated the FLSA. 29 U.S.C. § 207(a).

67. TCHP owes Syas and the Similarly Situated Employees the difference between the rate actually paid and the proper overtime rate.

68. Because TCHP knew, or showed reckless disregard for whether, its pay practices violated the FLSA, TCHP owes these wages for at least the past three years.

69.     TCHP also owes Syas and the Similarly Situated Employees an amount equal to the unpaid overtime wages as liquidated damages.

70.     Syas and the Similarly Situated Employees are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

71.     Wherefore, Syas prays for judgment against TCHP as follows:

(a)     For an order certifying this case as a collective action for the purposes of the FLSA claims;

(b)     For an order finding TCHP liable for violations of state and federal wage laws with respect to Syas and the Similarly Situated Employees covered by this case;

(c)     For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages to Syas and the Similarly Situated Employees covered by this case;

(d)     For a judgment awarding Syas and the Similarly Situated Employees covered by this case their costs of this action;

(e)     For a judgment awarding Syas and the Similarly Situated Employees covered by this case their attorneys' fees;

(f)     For a judgment awarding Syas and the Similarly Situated Employees covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(g)     For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
Texas Bar # 24069719
S.D. Texas # 1076547
**PARMET PC**
3 Riverway, Ste. 1910
Houston, Texas 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**